UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EARLIE HYTOWER                                                                                          PLAINTIFF

VS.                                                                                CIVIL ACTION NO. 4:11CV43CWR-FKB

ROBERT DEAN, ET AL.                                                                                  DEFENDANTS

REPORT AND RECOMMENDATION

On March 14, 2011, Plaintiff Earlie Hytower filed a complaint in this Court charging his former employer, the Wayne County School Board, with denying his due process in connection with its termination of his employment. On the same date, he filed a Motion to Proceed In Forma Pauperis (Docket No. 2) requesting that the prepayment of filing fee and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed in forma pauperis. Plaintiff, who has a college degree, has a monthly income of $5749.50. According to Hytower, his monthly expenses are $5661.66. He owns two vehicles, a 2006 Chrysler and a 1995 Chevy Truck, although his car payment(s) is reported at $969.16 per month.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. See Williams v. Estelle, 681 F.2d 946 (5th Cir. 1982); Prows v. Kastner, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? Souder v. McGuire, 516 F.2d 820 (3rd Cir. 1975);

> Is access to the courts blocked by the imposition of an undue hardship? <u>Startti v. United States</u>, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that he has a significant monthly income, has two motor vehicles and is able to provide for the care and maintenance of 11 horses and 15 dogs, the undersigned finds that he could pay filing costs without undue financial hardship if given ninety days to pay the filing fee. He will not be rendered destitute by paying the filing fee in ninety days, as he does have a place to reside, a motor vehicle, and a monthly income. Because he will not be barred from the federal courts due to his lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed in forma pauperis be denied. Plaintiff shall be given ninety days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before July 6, 2011. If Plaintiff does not object to this recommendation, and further does not pay the filing fee by July 6th, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P.

72(b)(as amended, effective December 1, 2009); <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 7th day of April, 2011.

                  /s/ F. Keith Ball
                  UNITED STATES MAGISTRATE JUDGE